■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL OLIVIERY-PEREZ, Appellant. [603 NYS2d 871] —Appeals by the defendant from two judgments of the Supreme Court, Kings County (Greenberg, J.), both rendered March 5, 1991, convicting him of robbery in the first degree (two counts; one as to each indictment), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant was identified by two eyewitnesses as a participant in two separate robberies occurring on October 15, 1989, and October 16, 1989, respectively, during which automobiles were stolen at gunpoint. The victim of the October 15th robbery identified the defendant in open court. With respect to the October 16th robbery, a passenger in the victim's car identified the defendant from a lineup about one month after the robbery. She remembered seeing the defendant's face clearly at the time of the robbery, although she was unable to identify him in court. In addition, within 45 minutes of the second robbery, the police had seized a jacket during a struggle with a suspect who temporarily escaped. The jacket contained a wallet in which a photographic identification card of the defendant was found. The jacket was made from black leather matching the description provided by the victim of the October 15th robbery regarding the robber's attire at the time of that crime.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the prosecution's witnesses, because of certain confusion in their identification testimony, should not have been believed by the jury. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination

should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we are satisfied that the verdicts are not against the weight of the evidence.

Equally meritless is the defendant's contention that he was denied a fair trial by the official translator's failure to translate verbatim the testimony of the complaining witness to the robbery of October 15, 1989. The defendant conceded at trial that the translation was accurate with the exception of certain enumerated instances, only one of which was substantive, dealing with whether the witness had described the robbers as "young" or "very young". Assuming, *arguendo,* that there was a mistranslation, there was no prejudice to the defendant, whom the witness unambiguously identified as a participant in the crime.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.